

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 16, 1963

Honorable Joe M. Chapman
Chairman, Judiciary Committee
House of Representatives
Austin, Texas

Opinion No. C-79

Re: Constitutionality and con-
struction of Senate Bill
255 of the 58th Legislature.

Dear Mr. Chapman:

Your request for an opinion on the above subject
matter poses the following questions:

"1. Is the bill with its proposed
amendment constitutional?

"2. If the bill is passed without
the amendment will it relieve builders,
architects, etc. from liability for negli-
gence in design and construction of proper-
ty after such property has been accepted
by the owner?

"3. With the adoption of the amend-
ment, would the bill relieve the builders,
architects, etc. of liability for negli-
gence in design or construction?"

Senate Bill 255, referred to in your request, reads
as follows:

"AN ACT

limiting the liability of laborers, mechanics,
materialmen, contractors, builders, architects
and engineers who are not also owners of the
lands, improvements, or machinery affected,
for injuries done to the person of another or
for trespass for injury to the estate or the
property of another as a result of conditions
existing on lands or of buildings, machinery

-383-

or other work or improvements constructed, installed or performed thereon where such injury or trespass occurs after possession of the premises was delivered to the owner upon completion; and providing a defense to any such action, for the laborer or mechanic that he performed his work according to the instructions of the contractor, builder, architect, engineer or owner, or for the materialman, contractor or builder that he furnished his materials and performed his work in accordance with plans, specifications, and instructions of the architect, engineer or owner; and for the architect or engineer that he prepared his design, plans and specifications and issued his instructions in accordance with the instructions of the owner; providing that the provisions of the Act shall not apply to actions based on negligence; repealing all laws in conflict herewith; providing a savings clause; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. No action against a laborer, mechanic, materialman, contractor, builder, architect or engineer who is not also owner of the lands, improvements, or machinery affected for injury done to the person of another, as the result of conditions existing on lands or of buildings, machinery or other work or improvements constructed, installed or performed thereon, shall be brought or maintained by the person injured or the person whose property or estate has been injured if such trespass or injury occurred after possession of the premises was delivered to the owner upon completion. It shall be a defense to any action brought by the owner, for the laborer or mechanic that he performed his work according to instructions of the contractor, builder, architect, engineer or owner; for the materialman, contractor or builder that he furnished his materials and performed his work in accordance with plans, specifications and instructions of the architect, engineer or owner; and for the architect or engineer that he prepared his design, plans and specifications and

issued his instructions in accordance with the instructions of the owner.

"Sec. 2. Nothing herein shall apply to actions brought against such person based on negligence, either active or by omission.

"Sec. 3. All laws and parts of laws in conflict herewith are hereby repealed.

"Sec. 4. If any Section, sentence, phrase or part of this Act shall be held unconstitutional, such unconstitutionality shall not affect the validity of the remaining portions thereof; it being the intention of the Legislature to pass the constitutional Sections, sentences, phrases and parts of this Act even though one or more Sections, sentences, phrases or parts shall be held to be invalid.

"Sec. 5. The fact, that the Supreme Court of Texas has recently overturned the long established 'accepted work' doctrine, thereby subjecting laborers, mechanics, materialmen, contractors, builders, architects and engineers to new risks and contingent liabilities for accidents caused by conditions existing on property belonging to other persons, after they have relinquished possession and control of the premises, has caused confusion and uncertainty, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended; and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

The amendment referred to in your request inserts the following proviso between the first and second sentences of Section 1:

". . . provided, however, that this Act shall not apply to any manufactured

products, except those attached to lands
or buildings contained thereon."

and substitutes the following for Section 2:

"Section 2. This Act is not to apply
in situations where it has been proven by
a perponderance of the evidence that the
injury was caused by either hidden dangers
and/or inherently dangerous conditions,
which were brought about by the negligent
acts, or omissions of the contractor, build-
er, architect, engineer, materialman, labor-
er, their agents or employees."

A reading of the emergency clause contained in Senate
Bill 255 reveals that the purpose of the Act is to set aside
the principle of law announced in Strakos v. Gehring, ___ Tex.
___, 360 S.W.2d 787 (1962). In that case the Supreme Court
held that a contractor can be held liable in tort for in-
juries occurring after acceptance of his work if the cause
of injury is the condition in which the contractor left the
premises upon completion of his work, the Court stating at
360 S.W.2d 790:

"We think however, in the interest of
clarity in the statement of the law, we
should not concern ourselves with excep-
tions which, as in the cases of products
liability, have largely emasculated the
rule but should now disapprove the doc-
trine set forth in Gorsline in 1926 that
a contractor cannot be held liable in tort
for injuries occurring after the acceptance
of his work by his employer although the
cause of injury was the condition in which
the contractor left the premises upon the
completion of the work. Under the particu-
lar facts of this case it could have been
reasonably anticipated that the leaving of
a hole near the approach of a farm access
gate could cause injury if the hole be left
unfilled for a comparatively short period
of time. It is difficult to see why a
failure to use ordinary care to protect
those using the farm access road would be
terminated by an agreement between the
contracting parties. Why should a dis-
tinction be made between an injury occur-
ring the day before the acceptance of the

> contractor's work by the county (consider-
> ing liability to exist at that time) and an
> injury occurring the day after the work was
> contractually accepted? The only authority
> cited in Gorsline for the holding now in is-
> sue was a statement from 14 R.C.L. 86 to the
> effect that an employer generally incurs
> responsibility to the public for defective
> work after he accepts it from the contractor.
> The fact that one who assumes control over
> a dangerous condition left by a contractor
> may be liable for injuries resulting there-
> from does not necessarily mean that he who
> creates the danger should escape liability.
> /Emphasis by the Court/

> " . . .

> "Our rejection of the 'accepted work'
> doctrine is not an imposition of absolute
> liability on contractors. We simply reject
> the notion that although a contractor is
> found to have performed negligent work or
> left premises in an unsafe condition and
> such action or negligence is found to be
> a proximate cause of injury, he must never-
> theless be held immune from liability solely
> because his work has been completed and ac-
> cepted in an unsafe condition."

On motion for rehearing, the Court further held, at
360 S.W.2d 802, 803:

> "By way of analogy, we may consider
> the case of a contractor who negligently
> affixed handrails to bathtubs in a home
> for aged persons. This defect is unnotic-
> ed by an inspector with the result that
> the building is accepted by the owner. Is
> there any reasonable basis for saying that
> the liability of the negligent contractor
> to one injured by the use of the defective-
> ly fastened handrail is automatically cut
> off by the owner's acceptance of the prem-
> ises? Should negligent inspection excuse
> negligent construction, or should accept-
> ance of a structure in a dangerous condi-
> tion because of a hidden defect cut off a
> contractor's liability? At least, under
> such a factual situation and others similar

thereto an exception to the 'acceptance
of the work' rule is called for.  Such an
exception relating to inherently dangerous
defects is recognized in numerous juris-
dictions.  58 A.L.R.2d 882.  We need not,
however, rely upon exceptions in this case
as liability is fixed by the general rule
of tort liability.

"We see no difference in applicable
principle between the hypothetical case
given and the one actually before us.  As
pointed out in footnote 4 of the original
opinion, the jury found from evidence suf-
ficient in law that the hole left by Geh-
ring was 'inherently dangerous.'  In deter-
mining whether a condition is 'inherently
dangerous' under circumstances like those
before us in this case, the question of fore-
seeability of resulting harm is clearly in-
volved."

Thus it is seen that the proposed legislation is de-
signed to establish in this State what is known as the "ac-
cepted work" doctrine, which has been rejected in Strakos
v. Gehring, supra.

While Section 1 provides that no action shall be
brought or maintained by the person injured if such injury
occurred after possession of the premises was delivered to
the owner upon completion, Section 2 states "Nothing herein
shall apply to actions brought against such person based on
negligence, either active or by omission."  Thus, in the
original version, it is impossible to give effect to Section
1 and Section 2 and, therefore, the original bill, in our
opinion, is invalid for vagueness.  Wilson v. Naturopathic
Board, 298 S.W.2d 946 (Tex.Civ.App. 1957, error ref., n.r.e.,
cert.den. 78 S.Ct. 121, 1958).

The amendment above noted to Senate Bill 255 removes
this irreconcilable conflict.  Thus, the remaining question
to be determined on the constitutionality of Senate Bill 255
is whether the Legislature may determine the doctrine to be
applied in cases involving injury to persons or property.
It is our opinion that such is within the province of the
Legislature.  Senate Bill 255 states the conditions which will
constitute a defense to a tort action and states the doctrine
to be applied in such cases.  You are therefore advised that
Senate Bill 255, containing Committee Amendment No. 1, is
valid.

In answer to Question No. 2, you are advised that if Senate Bill 255 is passed without the amendment, it will not relieve parties named in the Act from liability for negligence in design and construction of property, after such property has been accepted by the owner, as the Act, as held above, will be invalid.

With the adoption of the amendment, Senate Bill 255 will not relieve the individuals named in the Act from liability for negligence in design and construction of property after such property has been accepted by the owner, but will require proof "by a preponderance of the evidence that the injury was caused by either hidden dangers and/or inherently dangerous conditions which were brought about by the negligent acts or omissions of the contractor, builder, architect, engineer, materialman, laborer, their agents or employees."

## SUMMARY

Senate Bill 255 of the 58th Legislature without Committee Amendment No. 1, is invalid for vagueness, since the provisions of Section 1 and Section 2 are in irreconcilable conflict.

Senate Bill 255, with Committee Amendment No. 1, is valid, since it is within the province of the Legislature to prescribe conditions which will constitute a defense in tort actions and provide elements of proof necessary to establish liability.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

Hon. Joe M. Chapman, page 8 (C-79)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Grady Chandler
J. S. Bracewell
Edward Moffett

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone